IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| NORMAN DAVIS, | : |
| Petitioner, | : |
| VS. | :    **1 : 10-CV-71 (WLS)** |
| DENNIS BROWN, | : |
| Respondent. | : |

## RECOMMENDATION

Petitioner filed this federal habeas corpus Petition pursuant to 28 U.S.C. § 2254 on January 7, 2010. (Doc. 1). Presently pending before the Court is Respondent's Motion to Dismiss. (Doc. 6).

## Factual Background

Petitioner is challenging his February 2000 Decatur County convictions and sentence for child molestation, incest, aggravated child molestation, and kidnapping. Petitioner was sentenced to serve a total of fifty (50) years. Throughout a four (4) year period following the trial and Petitioner's motion for a new trial hearing, Petitioner was appointed seven attorneys to represent him. (*See* Doc. 7-15, pp. 270-71). After Petitioner filed a bar complaint and mailed a threatening letter to the seventh attorney, the court allowed his counsel to withdraw and did not appoint a new attorney to Petitioner. (Doc. 7-20, pp. 793-811).

Petitioner represented himself on his direct appeal to the Georgia Court of Appeals, which affirmed Petitioner's convictions and sentence. *Davis v. State*, 273 Ga. App. 397, 615 S.E.2d 203 (2005). The Supreme Court of Georgia granted Petitioner's application for certiorari, and remanded the case to the Georgia Court of Appeals. *Davis v. State*, 280 Ga. 352, 628 S.E.2d 374 (2006). On remand, the Georgia Court of Appeals dismissed Petitioner's appeal as untimely.

*Davis v. State*, 279 Ga. App. 434, 631 S.E.2d 719 (2006).

Petitioner filed a state habeas petition on June 30, 2006 in the Superior Court of Hancock County.  (Doc. 7-1).  Following an evidentiary hearing, the state habeas court denied relief on February 11, 2008.  (Doc. 7-2).  The Georgia Supreme Court granted Petitioner's application for a certificate of probable cause to appeal, and reversed and remanded the case on February 9, 2009.  *Davis v. Frazier*, 285 Ga. 16, 673 S.E.2d 215 (2009).  The appellate court ordered the state habeas court to provide Petitioner with appointed counsel to determine if there is any justifiable ground for appeal, and if so, to pursue an out-of-time appeal.  On July 23, 2009, the state habeas court entered an order as directed above.  (Doc. 7- 4).

On February 23, 2010, the trial court entered an order appointing Ryan Cleveland to represent Petitioner, and permitted Sarah Gerwig-Moore to serve as co-counsel on a pro bono basis.  (Doc. 7-7).   The order required counsel to file a motion to pursue an out-of-time appeal by April 30, 2010.  The District Attorney filed a motion to dismiss Petitioner's out-of-time appeal on October 6, 2010, because Petitioner's counsel had not yet filed any motions with the court.  (Doc. 21-1).

Petitioner also filed four state habeas corpus petitions in Chattooga County in November and December of 2009, challenging this same conviction.  (Docs. 7-8 – 7-11).  The state habeas court orally dismissed all the petitions as premature on March 23, 2010.  Petitioner executed this § 2254 habeas Petition on December 29, 2009.  (Doc. 1).

Due to the significant length of time that had passed and because there was an unknown disposition regarding the motion to dismiss, on June 22, 2011, the undersigned directed Respondent to update the Court as to the issue of exhaustion. (Doc. 30).  Respondent filed a Supplemental Brief in support of their Motion to Dismiss on July 21, 2011, which contained the

following updated information regarding Petitioner's state proceedings.

In response to the District Attorney's motion to dismiss, the trial court ordered Petitioner's counsel to file a report as to the status of the case. (Doc. 32-1, p. 35). Petitioner's counsel filed a status report indicating that they had identified two grounds that justified an appeal. (*Id.* at p. 32-33). Counsel asked for several continuances, and on February 14, 2011, the trial court removed Mr. Cleveland as Petitioner's counsel, appointed Scott Key, and allowed Ms. Gerwig-Moore to continue on a pro bono basis. (*Id.* at pp. 25, 27-28). Mr. Key filed a motion for an out-of-time appeal, and a hearing was scheduled for May 17, 2011. (*Id.* at p. 8, 13-19). The hearing was later rescheduled for August 2, 2011. (Doc. 32-2).

Additionally, the state habeas court has filed a written opinion as to its oral order denying, without prejudice, Petitioner's state habeas petition. (Doc. 32-3). The state habeas court found the petitions were premature because Petitioner's motion for a new trial is still pending. (Doc. 32-3). On June 27, 2011, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause. (Doc. 32- 4).

Respondent maintains that Petitioner is presently challenging his convictions at the state level in a motion for a new trial, and Petitioner has not completed the process of presenting his grounds to the state habeas court. Petitioner asserts that exhaustion should not be required because there was a clear lack of action by the trial court and his appointed counsel. (Docs. 18-1, 27, 36).

## Discussion

"It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be

considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner bears the burden of proving that he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3rd Cir. 1997); *Bethel v. Thomason*, 2011 WL 3320609, *2 (S.D.Ala. 2011); *Mack v. Singletary*, 142 F.Supp.2d 1369, 1375 (S.D.Fl. 2001).

In order to satisfy this exhaustion requirement, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Rather, Petitioner must present the state court with both the facts and the legal theories upon which he relies. *Galtieri v. Wainwright*, 582 F.2d 348, 353 (5th Cir.1978). State remedies may not be considered exhausted "even though the prior state proceeding technically asserted the same constitutional deficiency and the same facts are urged in a federal court but in support of a different legal theory." *Hart v. Estelle*, 634 F.2d 987, 989 (5th Cir. 1981).

In Petitioner's responses to Respondent's Motion to Dismiss and Supplemental Brief, Petitioner alleges that he has experienced unreasonable delays in the state court system because his appointed counsel has not contacted him and the April 30, 2010 deadline to file his out-of-time appeal has passed. (Docs. 18-1, 27, 36). "State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief." *Cook v. Florida*

*Parole & Probation Comm'n.*, 749 F.2d 678, 679 (11th Cir. 1985); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (finding that a petitioner may be excused from satisfying the exhaustion requirements when the "state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights.").

Herein, the delay in the Petitioner's state court proceedings is not unreasonable nor unexplained. Petitioner has had at least nine attorneys appointed to him since his trial ended. At least one attorney withdrew because Petitioner filed a bar complaint against the attorney and sent a threatening letter to the attorney. It is clear from the record that Petitioner has caused at least some of the delay.

Petitioner has been appointed new counsel, who filed an out-of-time appeal. A hearing regarding the appeal was scheduled for August 2, 2011. If the outcome is unfavorable to Petitioner, he has the opportunity to appeal the decision of the trial court. Additionally, as Petitioner's state habeas petitions were dismissed without prejudice due to the fact that they were filed prematurely, Petitioner can still file a state habeas petition. Thus, Petitioner has not exhausted his claims at the state court level. The Court finds that Petitioner has failed to discharge his burden to establish that the delays in the state court system excuse or waive the exhaustion requirement. *Lambert*, 134 F.3d at 513; *Bethel,* 2011 WL 3320609 at *2.

Inasmuch as the Petitioner has failed to pursue available state court remedies regarding the grounds for relief raised in this federal habeas Petition, it is the recommendation of the undersigned that the Respondent's Motion to Dismiss be **GRANTED** and that this federal habeas corpus Petition be **DISMISSED** without prejudice to the Petitioner's right to refile once he has exhausted the remedies available to him in the state court system.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this

recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 8th day of September, 2011.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

llf